SHARP, Judge,
concurring specially.
I concur with the result reached in this case because I agree a blank, unsigned cashier’s check is no more than a scrap of paper, and certainly not a formal bank bill or note. § 831.11, Fla.Stat. (1981). However, I disagree with the limited interpretation given to section 831.11, Florida Statutes (1981), by the majority. Since state banks and even national banks no longer issue bank bills or notes which pass as “money,’ because the United States Treasury now has this function, under the majority view this statute has been in effect repealed by a changed banking practice and it no longer has any force or effect.
“Currency” necessarily implies paper or coin which is transferable by the bearer or possessor.[1] However, section 831.11 is not so limited. It applies to “a false, forged or counterfeit bill or note in the similitude of the bills or notes payable to the bearer thereof or to the order of any person issued by or for any bank... . ” (Emphasis added).
Although perhaps not in existence in 1825, various types of commercial paper representing the direct obligations of banks, such as cashier’s checks and certified checks, are in current and common use in commercial transactions today. They may be payable to bearer or to the order of a specific person. They are not considered to be “currency.” In my view, an item such as a cashier’s check, completed as to the bank’s purported stamp or signature, could provide the basis for a prosecution under section 831.11.

. Currency is defined as “[c]oined money and such banknotes or other paper money as are authorized by law and do in fact circulate from hand to hand as the medium of exchange.” Black’s Law Dictionary 345 (5th ed. 1979). See also § 671.201(24), Fla.Stat. (1981).